## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS (PECOS DIVISION)

KOMATSU AMERICA CORP., successor in
interest by merger with KOMATSU
EQUIPMENT COMPANY,

               Plaintiff,

          v.

JOAT ONE ENTERPRISES LLC and JUAN
MONTOYA

             Defendants.

**Case No.**  4:22-cv-11

## COMPLAINT

Plaintiff, Komatsu America Corp., successor in interest by merger with Komatsu Equipment Company ("Komatsu"), by and through its attorneys, alleges as follows:

## PARTIES, DIVERSITY JURISDICTION, AND VENUE

1.      Komatsu is a Georgia corporation.  Komatsu has its "nerve center" in Chicago, Illinois.  For the purposes of diversity of citizenship, Komatsu is a citizen of Georgia and Illinois.

2.      Defendant Joat One Enterprises LLC ("Joat One") is a Texas limited liability company.  Joat One's registered agent and controlling member is Juan Montoya of Winkler County, Texas.  For the purposes of diversity of citizenship, Joat One is a citizen of Texas.  Joat One may be served through its registered agent, Juan Montoya, at 304 S Ave. B Kermit, Texas 79745.

3.      Defendant Juan Montoya ("Montoya", and together with Joat One, "Defendants") is a resident of Texas.  Montoya may be served at 304 S Ave. B Kermit, Texas 79745, or wherever he may be found and served.

4.      Pursuant to 28 U.S.C. § 1332(a), because this action is between citizens of different states and the amount in controversy exceeds $75,000, the Court has diversity jurisdiction.

5.      Venue is proper in this Court because Defendants reside in this District and Division, and because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

## FACTS

**A.      The Contract and Guaranty**

6.      On or about February 23, 2018, Joat One and Komatsu entered into that certain Credit Agreement (the "Credit Agreement"), pursuant to which Joat One obtained an open charge account for the purchase of, among other things, parts, service, machine sales, and rentals, in exchange for Joat One being bound by, among other things, the payment terms as set forth in the Credit Agreement.   A true and correct copy of the Credit Agreement is attached hereto as **Exhibit A** and incorporated herein by reference.[1]

7.      In order to induce Komatsu to enter into the Credit Agreement, Montoya executed a written guaranty (the "Guaranty") pursuant to which Montoya unconditionally and irrevocably guarantied the prompt payment and performance of Joat One's obligations under, among other things, the Credit Agreement.   *See* Exhibits A and B, page 2, Guaranty Section (evidencing the Guaranty).

8.      Pursuant to the Credit Agreement, in or around November 2019 through May 2021, and at Joat One's request, Komatsu provided equipment rentals, labor, and parts to Joat One as

---

[1] Some of the exhibits attached hereto have been redacted to remove certain confidential information.  Moreover, due to the fact that certain portions of the Credit Agreement are faded, a clearer, blank version of the Credit Agreement is attached hereto as **Exhibit B** and incorporated herein by reference.  Pursuant to F.R.E. 1003 and 1004, Komatsu respectfully submits that Exhibit B is admissible under the best evidence rule.

VP/#55086711.1

indicated in the invoices sent to Joat One in Komatsu's ordinary course of business (collectively, the "Invoices", and together with the Credit Agreement, the "Contracts").  True and correct copies of the Invoices are attached hereto as **Exhibit C** and incorporated herein by reference.

**B.      Defendants Default Under the Contracts and the Guaranty**

9.      Pursuant to the provisions of the Contracts, Joat One was required to make certain payments to Komatsu.

10.      Pursuant to paragraphs 8 and 12 of the Credit Agreement, all amounts related to, among other things, rental invoices or charges for labor and parts are due either upon receipt of invoice or within ten (10) days following the date of invoice, with additional service charges imposed on all past due amounts at the rate of 1.5% per month (18% per annum).

11.      Pursuant to paragraph 16 of the Credit Agreement, if Joat One disputes an invoice, it is required to notify Komatsu in writing within 60 days of said invoice.  Any dispute not brought to Komatsu's attention in writing within 60 days is expressly waived by Joat One.

12.      Joat One is in default under the Contracts by, among other things, failing to make payments to Komatsu when those payments came due.

13.      Upon Joat One's default under the Contracts, the Guaranty allows Komatsu to proceed against Montoya for the full amount due under the Contracts.

14.      As a result of Joat One's default under the Contracts, by letter dated July 30, 2021 (the "Demand Letter"), Komatsu notified Joat One and Montoya that it had declared immediately due and payable all indebtedness, liabilities and obligations due Komatsu from Defendants under the Contracts and the Guaranty.  A true and correct copy of the Demand Letter is attached hereto as **Exhibit D** and are incorporated herein by reference.

15.     Pursuant to the provisions of the Contracts and the Guaranty, Defendants agreed to pay all costs, including reasonable attorneys' fees, incurred by Komatsu in enforcement of the Contracts.

16.     Komatsu has performed and continues to perform all of the terms, conditions, and covenants required to be performed by Komatsu under the Contracts and the Guaranty.

17.     Through February 28, 2022, no less than the sum of $263,779.04 is due Komatsu under the Contracts and Guaranty, in addition to attorneys' fees and costs and other amounts due under the Contracts.

## FIRST CAUSE OF ACTION
### (Breach of the Contracts as against Joat One)

18.     Komatsu incorporates each of the foregoing paragraphs as though fully set forth herein.

19.     The Contracts are valid and enforceable contracts between Komatsu and Joat One.

20.     Joat One has defaulted in its obligations to Komatsu under the Contracts by failing to pay the amounts due and owing to Komatsu when those amounts became due.

21.     Despite due demand, Joat One has refused and continues to refuse to pay Komatsu the amounts due Komatsu under the terms of the Contracts.

22.     As a result of Joat One's breaches of the Contracts, Komatsu has been damaged, as of February 28, 2022, in the amount of no less than $263,779.04, in addition to (i) all costs and fees incurred and to be incurred by Komatsu in connection with the enforcement of its remedies under the Contracts (including, without limitation, all pre-judgment and post-judgment attorneys' fees and costs), (ii) pre-judgment service charges at the rate of 18% per annum, (iii) post-judgment interest at the applicable rate, and (iv) all other amounts due Komatsu under the Contracts and applicable law.

VP/#55086711.1

23.     By reason of the foregoing, Komatsu has been damaged and is entitled to the sum of not less than $263,779.04, in addition to (i) all costs and fees incurred and to be incurred by Komatsu in connection with the enforcement of its remedies under the Contracts (including, without limitation, all pre-judgment and post-judgment attorneys' fees and costs), (ii) pre-judgment service charges at the rate of 18% per annum, (iii) post-judgment interest at the applicable rate, and (iv) all other amounts due Komatsu under the Contracts and applicable law.

## SECOND CAUSE OF ACTION
### (Breach of the Guaranty as against Montoya)

24.     Komatsu incorporates each of the foregoing paragraphs as though fully set forth herein.

25.     Komatsu reasonably relied upon the Guaranty in entering into, and performing under, the Contracts.

26.     Under the terms of the Guaranty, Montoya guaranteed the prompt payment when due of Joat One's obligations under the Contracts.

27.     By reason of the Guaranty, Montoya is liable to Komatsu for all of Joat One's obligations to Komatsu.

28.     Joat One defaulted on its obligations under the Contracts by failing to make the required payments thereunder.

29.     Komatsu has sought to obtain payment of the amounts due and owing under the Contracts from Montoya in accordance with the Guaranty.

30.     Montoya has failed and continues to fail to pay Komatsu the outstanding amounts due under the Contracts and the Guaranty, despite due demand and his liability therefor.

VP/#55086711.1

31.     Montoya's failure to pay upon demand all losses, costs, attorneys' fees and expenses suffered by Komatsu resulting from Joat One's defaults constitutes a material breach and wrongful repudiation of the Guaranty.

32.     As a result of Montoya's breaches of the Contracts and the Guaranty, Komatsu has been damaged, as of February 28, 2022, in the amount of no less than $263,779.04, in addition to (i) all costs and fees incurred and to be incurred by Komatsu in connection with the enforcement of its remedies under the Contracts and Guaranty (including, without limitation, all pre-judgment and post-judgment attorneys' fees and costs), (ii) pre-judgment service charges at the rate of 18% per annum, (iii) post-judgment interest at the applicable rate, and (iv) all other amounts due Komatsu under the Contracts, Guaranty, and applicable law.

33.     By reason of the foregoing, Komatsu has been damaged and is entitled to the sum of not less than $263,779.04, in addition to (i) all costs and fees incurred and to be incurred by Komatsu in connection with the enforcement of its remedies under the Contracts and Guaranty (including, without limitation, all pre-judgment and post-judgment attorneys' fees and costs), (ii) pre-judgment service charges at the rate of 18% per annum, (iii) post-judgment interest at the applicable rate, and (iv) all other amounts due Komatsu under the Contracts, Guaranty, and applicable law.

### THIRD CAUSE OF ACTION
**(Account Stated as against Joat One)**

34.     Komatsu incorporates each of the foregoing paragraphs as though fully set forth herein.

35.     Komatsu sent the Invoices to Joat One setting forth the amounts owed to Komatsu.

36.     The Invoices were sent in the ordinary course of business.

37.     Joat One did not object to the Invoices as required under the terms of the Contracts.

38.    Nevertheless, Joat One has failed and refused to pay the balance due Komatsu pursuant to the Invoices.

39.    By reason of the foregoing, an account stated has been established for $263,779.04.

40.    As a result, Komatsu is entitled to a money judgment for an account stated in the amount of not less than $263,779.04, plus (a) accruing service charges to the date of entry of judgment, (b) post-judgment interest at the applicable rate, and (c) all other amounts due Komatsu under account stated and applicable law together with interest and costs.

## FOURTH CAUSE OF ACTION
### (Unjust Enrichment as against Joat One)

41.    Komatsu incorporates each of the foregoing paragraphs as though fully set forth herein.

42.    At Joat One's express and/or implied request, and to the benefit of Joat One, Komatsu provided goods and services for which Joat One has failed to provide Komatsu with compensation.

43.    The reasonable value of the unpaid goods and services provided by Komatsu to Joat One is no less than $263,779.04.

44.    By reason of the foregoing, Komatsu has been damaged and is entitled to the sum of not less than $263,779.04, plus (a) accruing service charges to the date of entry of judgment, (b) post-judgment interest at the applicable rate, and (c) all other amounts due Komatsu under unjust enrichment and applicable law.

## FIFTH CAUSE OF ACTION
### (Quantum Meruit as against Joat One)

45.    Komatsu incorporates each of the foregoing paragraphs as though fully set forth herein.

VP/#55086711.1

46.     Komatsu did perform services and provide goods to Joat One pursuant to Joat One's specific request, which services and goods had the value of no less than $263,779.04.

47.     Joat One accepted, retained, used and received the value of such services and goods, but failed to make full payment to Komatsu for such services and goods.

48.     It would be inequitable and unjust to permit Joat One to retain the benefit of the work, services and goods provided by Komatsu.

49.     Joat One is therefore liable to Komatsu pursuant to the doctrine of quantum meruit for the sum of no less than $263,779.04 plus (a) accruing service charges to the date of entry of judgment, (b) post-judgment interest at the applicable rate, and (c) all other amounts due Komatsu under quantum meruit and applicable law together with interest and costs.

WHEREFORE, Komatsu respectfully requests:

1.     That this Court enter a judgment in its favor and against Defendants, jointly and severally, in the amount of no less than $263,779.04 as of February 28, 2022, in addition to (i) all costs and fees incurred and to be incurred by Komatsu in connection with the enforcement of its remedies under the Contracts and Guaranty (including, without limitation, all pre-judgment and post-judgment attorneys' fees and costs), (ii) pre-judgment service charges at the rate of 18% per annum, (iii) post-judgment interest at the applicable rate, and (iv) all other amounts due Komatsu under the Contracts, Guaranty, and applicable law.

2.     For judgment against Joat One in an amount not less than $263,779.04, in addition to (i) all costs and fees incurred and to be incurred by Komatsu (including, without limitation, all pre-judgment and post-judgment attorneys' fees and costs), (ii) pre-judgment service charges at the rate of 18% per annum, (iii) post-judgment interest at the applicable rate, and (iv) all other amounts due Komatsu under applicable law.

8

3.      For pre-judgment and post-judgment interest, as applicable, at the highest rate allowed by the Contracts under Utah and/or Texas law, on all amounts awarded to Komatsu;

4.      For reasonable attorneys' fees and costs of suit and collection; and

5.      For such other and further relief as the Court may deem just and proper.

Dated: March 17, 2022                  Respectfully submitted:

By:   /s/ *Stephanie C. Sparks*
        Stephanie C. Sparks
        State Bar No. 24042900
        ssparks@vedderprice.com
        VEDDER PRICE P.C.
        100 Crescent Court, Suite 350
        Dallas, Texas 75201
        T: +1 (469) 895 4830
        F: +1 (469) 895 4802

        *Attorneys for Plaintiff*
        *Komatsu America Corp.*

VP/#55086711.1